Filed 6/14/21  P. v. O'Connell CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076540 |
| v. | (Super.Ct.No. BAF003317) |
| TIMOTHY FRANCIS O'CONNELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Timothy Francis O'Connell appeals from an order of the Riverside County Superior Court dismissing his petition filed pursuant to subdivision

1

(a)(1) of Penal Code[1] section 1170.91 seeking to recall his sentence on the grounds he suffered a "disability" as a result of his military service that was not considered in mitigation at his original sentencing. We affirm.

## BACKGROUND

A jury convicted defendant of torture, infliction of injury on a child, and a great bodily injury enhancement. (§§ 206, 273d, subd. (a), & 12022.7, respectively.) In addition, the court found true two prior prison terms and two prior serious felony convictions. (§§ 667, subds. (a), (c), (e)(2)(A) & 1170.12, subd. (e)(2)(A).)

At his April 2005 sentencing hearing, defendant argued the first strike conviction should be eliminated from consideration pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, because the Governor of California had pardoned that conviction upon defendant's honorable discharge from the military. The court denied the motion for a lack of evidence and sentenced defendant to an indeterminate term of 25 years to life.

In March 2019, defendant filed a petition to recall his sentence pursuant to subdivision (b) of section 1170.91. That provision requires the sentencing court to consider certain specified traumas resulting from military service as mitigating factors when exercising its discretion to choose which determinate term it will impose when the sentencing statute specifies a choice of three determinate terms. (§ 1170.91, subd. (b).) Section 1170.91 was amended effective January 1, 2019, to apply retroactively to persons currently serving a prison sentence for a felony conviction obtained by trial or plea if the

---

[1] All further statutory references are to the Penal Code.

person was sentenced before January 1, 2015 (whether or not the case was final as of that date) and the specified mitigating factors were not considered at the time of sentencing. (*Ibid.*)

At the January 21, 2021 hearing on defendant's petition for recall, the court dismissed the matter on the grounds section 1170.91 did not apply because defendant did not receive a determinate sentence. Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests the following potentially arguable issue: whether the trial court erred when it found defendant ineligible for relief under section 1170.91 because that provision is limited to persons serving determinate sentences. Counsel also requests this court to conduct an independent review of the entire record.

When, an indigent defendant takes a direct appeal from the judgment and appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende*

3

procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three, conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58

4

Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ                    
                                    P. J.

I concur:

MILLER                    
                    J.

6

RAPHAEL, J., Dissenting.

I would dismiss by order this uncontested appeal and therefore respectfully dissent. (*People v. Scott* (2020) 58 Cal.App.5th 1127.)

It is obvious that defendant and appellant Timothy O'Connell does not qualify for relief in this appeal from the denial of his motion for resentencing under Penal Code section 1170.91. Only persons who received determinate sentences are eligible under that provision. (*People v. Estrada* (2020) 58 Cal.App.5th 839, 843.) Defendant received an indeterminate sentence of 25 years to life so he is ineligible.

Defendant and his counsel raise no issues. Rather than dismiss this uncontested appeal, however, the majority issues an opinion. But the entire substance of its discussion is to argue that its opinion should exist. (Maj. opn., *ante*, at pp. 3-6.) The majority promises it will provide an "additional layer of due process" with its review and opinion. (Maj. opn., *ante*, at p. 5.)

The entire extra layer of due process then comprises one vague sentence: the majority states that it has "independently reviewed the record for potential error" and can "find no arguable issues." (Maj. opn., *ante*, at pp. 5-6.)

What could the majority have been looking for in searching the record for potential error? Defendant is obviously ineligible for section 1170.91 relief, but nowhere does the majority even articulate *why* it is affirming.

1

Our Constitution requires that our decisions that "determine causes" shall be "in writing with reasons stated." (Cal. Const., art. VI, § 14.) The majority opinion states no reasons for affirming. Its utter lack of analysis is a clue that no opinion affirming is necessary. As our Supreme Court has put it: "Dismissal of an appeal raising no arguable issues is not inconsistent with article VI, section 14 of the California Constitution requiring that decisions determining causes 'be in writing with reasons stated.' [Fn. Omitted.] Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544.)

It is of no benefit to anyone, including and especially the defendant, to spend three pages on why an opinion should exist, and not a single word of reasoning or analysis about the underlying case. Rather, it is a waste of judicial resources. The Supreme Court may provide guidance on how we should resolve cases such as this relatively soon. (See (*People v. Delgadillo* (Feb. 17, 2021, No. S266305) ___Cal.5th___ [2021 Cal. LEXIS 1185].).) Based on the guidance we have, I would resolve this case with a one sentence unpublished order dismissing the abandoned appeal, noting that defendant is ineligible for section 1170.91 relief because he received an indeterminate sentence.

RAPHAEL        

J.